UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALAN PRICHARD,

    Plaintiff,

v.

ALEDA E. LUTZ, ET AL.,

    Defendants.
_____/

Case No. 20-cv-11344

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

## OPINION AND ORDER SUMMARILY DISMISSING PLAINTIFF'S COMPLAINT

### I. INTRODUCTION

Plaintiff Alan Prichard, who is presently confined at the Saginaw Correctional Facility, has filed a *pro se* civil rights complaint. *See* ECF No. 1. His Complaint names two Defendants, Aleda E. Lutz and Rochelle Boeterfuer, who are employed by the Department of Veteran Affairs at its medical center in Saginaw, Michigan. *Id.* Plaintiff claims Defendants violated his privacy rights when they sent his medical records to the Michigan Department of Corrections. For the reasons stated below, the Court will summarily dismiss the complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A(b) for Plaintiff's failure to state a claim.

### II. STANDARD OF REVIEW

Under the Prison Litigation Reform Act ("PLRA"), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous,

1

malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read a plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept a plaintiff's allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

### III. BACKGROUND

Plaintiff claims that on September 23, 2019, he was seen at the VA medical center in Saginaw. ECF No. 1, PageID.3. He asserts the next day, Defendants, who work in the records department at the medical center, released confidential medical records regarding his visit to the Michigan Department of Corrections without his consent. *Id.* Plaintiff notes that the form used to obtain the records lists the wrong last four digits of his social security number and that it not his true signature appearing on the form. *Id.*

Plaintiff thereafter sent a request for copies of the records that were disclosed, but Defendants would not release them to him. *Id.* Plaintiff sent another request on April 1, 2020, and another employee at the medical center finally sent him the requested records. *Id.*

Plaintiff asserts that his "privacy rights were violated when [his] records were released, and the ROI personnel violated the Privacy Act when they released [his]

personal medical information based on improper information on the VA form." *Id.* Plaintiff seeks $50,000 in damages, $25,000 for mental anguish, and costs and filing fees. *Id.* at PageID.4.

## IV. DISCUSSION

While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). A court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly*/*Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

Plaintiff's complaint fails to state a claim under the Privacy Act. 5 U.S.C. § 552(a). In order to state a claim for money damages under the Privacy Act, a plaintiff must assert that the federal agency failed to comply with a provision of the Act in such a way as to have an adverse effect on an individual, and that the violation was intentional or willful. § 552a(g)(1)(D) and (g)(4); *Toolasprashad v. Bureau of Prisons*, 286 F.3d 576, 583 (D.C. Cir. 2002). Plaintiff does not allege that the disclosure of the records had any adverse effect on him. Nor does he allege that Defendants intentionally or willfully failed to comply with any provision of the Act.

At most, the facts alleged in the complaint suggest that Defendants acted negligently by disclosing records despite the records release form containing an incorrect social security number. Additionally, the only proper defendant in a Privacy Act action is the federal agency, not its individual employees. Plaintiff fails to state a claim under the Act against the individual Defendants named in the complaint. *See Armstrong v. Bureau of Prisons*, 976 F. Supp. 17, 23 (D.D.C. 1997); *Adams v. Compton*, 2005 WL 2006975 (W.D. Va. 2005). Accordingly, Plaintiff has failed to state a claim against Defendants under the Privacy Act, and his complaint is subject to summary dismissal.

## V. Conclusion

Accordingly, it is **ORDERED** that Plaintiff's complaint is summarily **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**IT IS SO ORDERED.**

s/Gershwin A. Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated: July 9, 2020

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 9, 2020, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager